UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RANDY L. TIESZEN,<br><br>                Plaintiff,<br>vs.<br><br>JUDGE JOHN BASTIAN; TANYA GUNHAMMER; ADAMAE FRIEDEL; FRED BAXTER; JOHN HUNTER; DAN FRIEDEL; JOE ELLINGSON,<br><br>                Defendants. | 5:21-CV-05034-LLP<br><br><br>**ORDER** |

**A. Procedural History**

On April 22, 2021, Plaintiff Randy Tieszen field a *pro se* complaint with the United States District Court of the District of Nebraska against Defendants Judge John Bastian, Tanya Gunhammer, Adamae Friedel, Fred Baxter, John Hunter, Dan Friedel, and Joe Ellingson. (Doc. 1). In his Complaint, Mr. Tieszen claims that state criminal proceedings against him in 2001 in South Dakota were the result of a conspiracy to remove him from his home by false arrest and false imprisonment.[1] On May 10, 2021, Mr. Tieszen paid his $402.00 filing fee in full and filed a motion to amend his complaint to add the Honorable Judge Viken as a defendant and included in his motion allegations against Judge Viken that he indicated he would like to add to his original complaint. (Doc. 6).

On May 20, 2021, by order of the court, the case was transferred to the District of South Dakota (Doc. 9) and the original electronic file was sent to the District of South Dakota on June 21, 2021 (Doc. 10). On July 1, 2021, the Court issued an order denying as moot Mr. Tieszen's

---

[1] Plaintiffs has litigated similar claims previously in the District of South Dakota. In 2011, Plaintiff filed a complaint alleging similar claims against many of the same defendants named in this case. Judge Viken dismissed Plaintiff's claims against Judge Bastian on the basis of judicial immunity. (Civ. No. 11-5053, Docket 60, 73). Judge Viken dismissed Plaintiff's remaining claims with prejudice for being barred by the statute of limitations, *id.*, and his opinion was affirmed by the Eighth Circuit Court of Appeals. (*Id.* at Docket 84). In 2017, Plaintiff filed another complaint against the State of South Dakota and Judge Bastian asking the court to "file a lawsuit on the State of SoDak for negligence, allowing Judge Bastian to be free" which the Court dismissed without prejudice for failure to state a claim. (Civ. No. 17-5020, Docket 1). In his proposed amendments, Plaintiff appears to allege that Judge Viken is part of the conspiracy to remove him from his home by violating his civil rights. (Doc. 6).

1

motion to amend. The Court noted that the original pleading had not been served on Defendants and no responsive pleading had yet been filed and stated that under Fed. R. Civ. P. 15(a)(1), Mr. Tieszen may amend his complaint as a matter of course without further authorization of the Court. (Doc. 14). In the Court's order, Plaintiff was ordered "to file a copy of the amended complaint containing all of his claims against each and every named defendant no later than 14 calendar days from the date of [the court's] order." (Doc. 14). The Court cautioned Mr. Tieszen that the filing of an amended complaint replaced the original complaint and that claims against named defendants that are not realleged are deemed abandoned. (Doc. 14). The Court stated that failure by Mr. Tieszen to file an amended complaint within 14 calendar days from the date of the Court's order will result in the Court treating any claims proposed in his motion to amend as abandoned for failure to prosecute. (Doc. 14).

In the Court's May 20, 2021, order, the Court gave Mr. Tieszen notice that under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court indicated that failure by Mr. Tieszen to file proof of service by this deadline will result in claims against any unserved Defendants being dismissed without prejudice pursuant to Rule 4(m) unless the Court finds good cause for Plaintiff's failure to comply with the service requirements imposed by the Federal Rules and this Court's Order.

On July 14, 2021, Mr. Tieszen filed an Amended Complaint. (Doc. 16).

On August 19, 2021, the Clerks Office mailed to Mr. Tieszen a blank summons form and a sample of completed summons along with instructions to complete the summonses. On September 3, 2021, the Clerks issued summonses electronically to Mr. Tieszen which were not successfully delivered. (Doc. 21). On September 7, 2021, the Clerks office was able to obtain and verify the accurate working email for Randy Tieszen and successfully regenerated Dockets 19, 20, and 21.

On September 2, 2021, Mr. Tieszen filed a supplement to his Amended Complaint (Doc. 20).

2

On October 1, 2021, the Court received a letter from Mr. Tieszen in which it appeared that he inquired about the status of the service of the summons. (Doc. 22). On October 13, 2021, Mr. Tieszen filed "a motion of (forma pauperis) to proceed with [his] case by representing [himself]" and that he was "asking to file a motion under this act [ ] to bring fourth justice in [his] behalf." (Doc. 23). From Mr. Tieszen's October 26, 2021, letter is has become clear to the Court that he is awaiting the Court's service of the summonses on the named Defendants. (Doc. 24).

### B. Service of Summonses

*In forma pauperis status* is not the same as proceeding *pro se*. *Thomas v. Spivey*, Civ. No. Civ. No. 5:18-8, 2019 WL 1928505, at *1 (S.D. Ga. Apr. 30, 2019). Proceeding *pro se* simply means the individual is not represented by counsel. *Id.* at *1. It is permissible for a *pro se* party to pay the entire filing fee upfront, forgoing *in forma pauperis* status, as Mr. Tieszen has done in this case. *Id.*

Proceeding *in forma pauperis* has two important effects. First, the plaintiff is not required to pay the entire filing fee up front at the time he files the action. 28 U.S.C. § 1915(a)(1). Second, if *in forma pauperis* status is granted, the court will assume the obligation to "issue and serve all process...." § 1915(d); Fed. R. Civ. P. 4(c)(3) (requiring courts order service of process when "the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915"). But when a plaintiff—pro se or otherwise—does not move to proceed *in forma pauperis*, the Court does not bear the burden of ordering service of process, and the plaintiff remains responsible for service. *See* § 1915(d); Fed. R. Civ. P. 4(c)(3); *Thomas*, 2019 WL 1928505 at *2; *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) ("Because [the plaintiff] failed to qualify under § 1915, he was not entitled to have the clerk's office issue and serve all process.").

Here, Mr. Tieszen has paid his filing fee in full and has not moved to proceed *in forma pauperis*. Mr. Tieszen is responsible for properly affecting service upon all named Defendants in this case in accordance with Rule 4 of the Federal Rules of Civil Procedure. The Court understands that Mr. Tieszen is not a lawyer, is proceeding *pro se*, and has been in communication with the Court frequently about his case. Although Mr. Tieszen's *pro se* status does not excuse him from complying with the Federal Rules of Civil Procedure or adhering to the procedural requirements for service of process, given some of the procedural complexity associated with the transfer from the District of Nebraska, this Court finds that good cause exists to extend the deadline for service

to 30 days from the date of this Order. Mr. Tiezen has been repeatedly informed of the requirements for service of process under the federal rules and the Court has now made clear that because Mr. Tiezen has paid his filing fee and is not proceeding *in forma pauperis*, he is responsible for properly affecting service upon the named Defendants in this case and filing proof of service with this Court.

Accordingly, it is hereby ORDERED that:

1) Mr. Tiezen's Motion to represent himself (Doc. 23) is DENIED as moot as he may represent himself *pro se*; and

2) Mr. Tieszen shall properly complete service of his summonses and his Amended Complaint and Supplement to the Complaint upon each named Defendant and shall file proof of service with this Court within 30 days from the date of this Order; failure to do so will result in the Court dismissing without prejudice Mr. Tieszen's claims against any unserved defendants for failure to prosecute.

Dated this 3rd day of November, 2021.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK